# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

HUGO HERNANDEZ,

    *Defendant.*

Case No. 12-10063-02-EFM

## MEMORANDUM AND ORDER

A criminal defendant should be released pretrial unless a court determines that no set of conditions will reasonably assure the defendant's appearance and the defendant poses a risk to the community. The United States contends that Defendant Hugo Hernandez is a flight risk and a danger to the community and should be detained pretrial. Thus, the United States is before this Court on the United States's Motion for Continued Stay and Revocation of Magistrate's Order of Release (Doc. 24). For the reasons set forth below, the Court concludes that the United States's motion should be granted, and Defendant should be detained pending trial.

### I. Background

On March 2, 2012, pursuant to 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), Defendant was charged by Complaint with one count of possession with intent to distribute more than 100 kilograms of marijuana. On March 7, 2012, the grand jury indicted Defendant on the same

charge. On March 14, 2012, Magistrate Judge Gale held a detention hearing. The government moved for detention under 18 U.S.C. § 3142(e). Magistrate Judge Gale denied the government's motion, but he stayed the Order of Release for twenty-four hours. That same day, Magistrate Judge Gale issued an order setting forth the conditions for Defendant's release.[1] The next day, Magistrate Judge Gale issued his written order denying the government's motion for detention.

The government immediately filed a Motion for a Continued Stay of Release and a Review of the Magistrate's Order Denying Detention. The government argues that Defendant is a flight risk and a danger to the community. Thus, the government contends that Defendant should be detained until trial.

## II. Standard of Review

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo.[2] The district court gives no deference to the magistrate judge's findings and instead conducts its own de novo determination as to the facts and legal conclusion.[3] Although the Court's review is de novo, an evidentiary hearing is not required.[4] The decision of whether to start from scratch or to "incorporate the record of the proceedings conducted by the magistrate judge" is left to the sound discretion of the Court.[5] The Federal Rules of Evidence do not apply to detention hearings, and the

---

[1] Doc. 23.

[2] *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

[3] *See United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[4] *Id.*

[5] *United States v. Plakio*, 2001 WL 1167305, at *1 (D. Kan. Sept. 5, 2001).

Court may allow the parties to present information by proffer or by direct testimony.[6]

### III. Standards for Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[7] The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence.[8] "[U]pon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and safety of the community."[9] The indictment charging a defendant with such an offense constitutes a probable cause determination.[10] Once this rebuttable presumption is invoked, the burden of production shifts to the defendant.[11] Although the defendant's burden is not a heavy one, he must produce some evidence to rebut the presumption.[12] Even with this burden shift, the government retains the burden of persuasion regarding risk of flight and danger to the community.[13]

---

[6] 18 U.S.C. § 3142(f).

[7] 18 U.S.C. § 3142(e).

[8] *Cisneros*, 328 F.3d at 616.

[9] *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991); *see also* 18 U.S.C. § 3142(e)-(f).

[10] *Stricklin*, 932 F.2d at 1355.

[11] *Id.* at 1354-55.

[12] *Id.* Even if a defendant meets the burden of production, the presumption remains a factor that the Court may consider in determining whether to release or detain the defendant. *Id*.

[13] *Id.*

When making the determination of whether there are conditions of release that will both reasonably assure a defendant's required appearance and the safety of the community, the Court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[14]

### IV. Application of the Factors to this Defendant

**A. Nature and Circumstances of the Offense**

Because Defendant was charged with an offense under the Controlled Substance Act and the maximum term of imprisonment is ten years or more, a rebuttable presumption of detention arises. Defendant was charged with possession with intent to distribute more than 100 kilograms of marijuana. This count carries a minimum sentence of 5 years and a maximum sentence of 40 years imprisonment. Thus, the nature of the offense favors detention.

---

[14] 18 U.S.C. § 3142(g).

### B. Weight of the Evidence

The second factor is the weight of the evidence against Defendant. During the detention hearing before this Court, the government proffered evidence demonstrating that Defendant was involved in a controlled delivery in a motel parking lot in Park City. Prior to the controlled delivery, Codefendant Roberto Hernandez ("Hernandez") communicated with a government cooperator about a marijuana delivery. While the Drug Enforcement Agency conducted surveillance, the cooperator drove a vehicle containing 147 kilograms of marijuana to the motel parking lot. Hernandez drove a separate vehicle to meet with the cooperator, and Defendant was a passenger in this vehicle.

Upon meeting in the motel parking lot, the cooperator exited the vehicle containing the marijuana and entered Hernandez's vehicle, sitting in the back seat. While in the back seat of Hernandez's vehicle, and in the presence of Defendant, the cooperator called another individual to say that the cooperator's vehicle contained the marijuana in a hidden compartment. The cooperator also discussed with the individual on the phone that payment for the marijuana should be placed in the hidden compartment after delivery of the marijuana.

After the cooperator exited the vehicle to obtain a motel room, surveillance observed Defendant exit the passenger side of Hernandez's vehicle. Defendant then opened the driver's side door of the vehicle containing the marijuana. Authorities arrested Defendant. When the officers went to drive both vehicles away from the scene, they found the keys to the vehicle containing the marijuana in the front seat of Hernandez's vehicle.

Based on the foregoing, the Court finds that the evidence is sufficient to demonstrate that Defendant was in the proximity of a large drug transaction, and he was likely involved in the transaction. For that reason, the case against Defendant is strong. This factor also favors detention.

### C. History and Characteristics of Defendant

As to the third factor, Defendant is forty-two years old. He came to the United States illegally approximately twenty-six years ago, when he was seventeen years old. He has lived in the Wichita area for approximately seven years. Currently, Defendant is unemployed. Defendant is married and has three children. His three children range in age from seven to nineteen, and all are United States citizens. Defendant also has two brothers and two sisters living in Mexico.

Immigration and Customs Enforcement ("ICE"), a department of Homeland Security, placed a detainer on Defendant due to his illegal status. The government argues that Defendant is a flight risk due to the detainer and the significant term of imprisonment he may face. In arguing that Defendant is a flight risk because ICE may deport Defendant, which will thus prevent the Department of Justice from prosecuting Defendant because he would no longer be in the United States or would be unable to return to the United States for prosecution, the government directs the Court's attention to a 2009 letter from ICE to the Acting United States Attorney for the District of Kansas.[15] In this letter, ICE addresses 8 C.F.R. § 215.3(g) which provides in part that deporting an alien from the United States will be prejudicial to the interests of the United States if the alien is "needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States." ICE explains that it does not agree with the United States Attorney's position that it can withhold deportation of an alien on the basis of this regulation even though a criminal case is proceeding against that alien. Accordingly, ICE informs the Department

---

[15] *See* Doc. 135-1 in Case No. 11-CR-20132-9-KHV-DJW.

of Justice that it will not withhold deportation on the basis of section 215.3(g).[16] Due to ICE's position, the government argues that the Court should not rely on 8 C.F.R. § 215.3(g) as a basis for Defendant remaining in the country.

The Court, however, will not consider Defendant a flight risk on the basis that two executive branches cannot work together. Defendant does not create this flight risk, but rather, ICE and the Department of Justice create the situation by their inability to work together. The Court cannot fathom why ICE will not cooperate with the Department of Justice in prosecuting an alien for an alleged crime committed in the United States. And it will not hold the two executive branches' inability to work together against a defendant. Consequently, the fact that ICE might choose to deport an individual prior to the Department of Justice's desire or ability to prosecute that individual plays no part in this Court's flight risk analysis.

An ICE detainer, however, remains a factor when considering whether Defendant is a flight risk. As the Tenth Circuit has noted, "A defendant's immigration status and the existence of an ICE detainer are relevant to the detention decision as part of the history and characteristics of the defendant."[17] Accordingly, although the ICE detainer is not determinative, the Court will consider its relevance to the facts in this case. Here, because of Defendant's status as an illegal alien, he faces almost certain deportation. He can either be deported prior to trial based on his illegal status or he can proceed to trial, where he may be convicted, face a lengthy prison sentence, and then be deported. Although Defendant has family members in the area, those family ties will inevitably be

---

[16] ICE does state that it wishes to cooperate with all law enforcement agencies to ensure that justice is served and that it would consider a request to stay removal to allow the criminal prosecution to conclude. It then sets forth the procedure to request a stay of removal but indicates that it may be difficult in certain cases.

[17] *United States v. Salas-Urenas*, 430 F. App'x 721, 723 (10th Cir. 2011).

severed either by deportation, or prison and deportation. If Defendant is released on bond and then flees, he will not go to prison or be deported. Furthermore, Defendant may believe he can remain in this country undetected because he has already done so for approximately twenty-six years. For that reason, the Court finds that Defendant poses a flight risk, and this factor favors detention.

### D. Danger to the Community

Finally, with regard to the fourth factor, the Court must be satisfied that Defendant does not present a danger to the community. Defendant has no criminal history. The government argues that Defendant may be related to an individual who is the head of a large drug-trafficking organization. Defendant, however, disputes the familial relationship. Thus, this allegation cannot be a part of the analysis.

But Defendant was likely involved in the potential distribution of a large quantity of marijuana. Generally, large amounts of controlled substances are associated with weapons and are correlated with violence. This gives rise to a safety to the community issue. Furthermore, although electronic monitoring may be an option and can be valuable in certain cases, it does not ensure that Defendant will not engage in future illegal activity. Accordingly, this factor also favors detention.

### Conclusion

Based on the arguments and the evidence proffered at the hearing, and in consideration of the statutory presumption for detention, the Court concludes that no set of conditions for Defendant's release will protect the community from the danger of additional crimes or ensure Defendant's appearance at future required court proceedings. The government has carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that the United States's Motion for Continued Stay and Revocation of Magistrate's Order of Release Motion (Doc. 24) is hereby **GRANTED**. The magistrate's Order of Release is vacated, and Defendant shall be detained pending trial.

**IT IS SO ORDERED**.

Dated this 27th day of March, 2012.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE